# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG MOSS, | : | |
|     Petitioner | : | |
| | : | No. 1:19-cv-2129 |
| v. | : | |
| | : | (Judge Rambo) |
| SCOTT A. WOOLF, *et al.*, | : | |
|     Respondents | : | |

## **MEMORANDUM**

Presently before the Court are *pro se* Petitioner Craig Moss ("Petitioner")'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), his memorandum of law in support thereof (Doc. No. 2), Respondents' motion to dismiss (Doc. No. 9) Petitioner's § 2254 petition as moot, and Petitioner's response thereto (Doc. No. 15). For the following reasons, the Court will grant Respondents' motion to dismiss (Doc. No. 9) and dismiss as moot Petitioner's § 2254 petition (Doc. No. 1).

**I.     BACKGROUND**

Petitioner initiated the above-captioned case while he was still incarcerated at the State Correctional Institution Mahanoy in Frackville, Pennsylvania ("SCI Mahanoy"). On November 13, 2019, the Pennsylvania Board of Probation and Parole ("PBPP") granted Petitioner parole subject to an approved home plan. (Doc. No. 1-1 at 3.) Petitioner submitted a home plan to live with his wife and children at

his home in Mount Wolf, Pennsylvania. (Doc. No. 1 at 2.) On November 25, 2019, however, his proposed home plan was rejected. (Doc. No. 1-1 at 5.)

Petitioner filed the instant § 2254 petition on December 13, 2019. (Doc. No. 1.) Petitioner asserts that the denial of his proposed home plan violates his rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments. (*Id.* at 3-8.) Petitioner also asserts that Respondents relied upon information that should have been expunged pursuant to a state court order to deny his home plan. (*Id.* at 8-9.) As relief, Petitioner seeks an Order directing Respondents to "forthwith release" him. (*Id.* at 10.) Petitioner also seeks a declaratory Order that: (1) Respondents cannot deny him his property in Mount Wolf without initiating eminent domain proceedings; (2) Respondents cannot deny him his right to live with his wife and children; (3) Respondents cannot "tell Petitioner whom he can and cannot marry"; (4) Respondents must adhere to the March 26, 2018 expungement order; (5) Respondents "cannot prevent Petitioner from procreating with his wife"; and (6) Respondents' conduct violates Petitioner's constitutional rights. (*Id.* at 9-10.) Petitioner also requests that this Court's conclusions be sent to the Pennsylvania Disciplinary Board and the United States Department of Justice. (*Id.* at 10.)

On January 27, 2020, Respondents filed their motion to dismiss Petitioner's § 2254 petition as moot. (Doc. No. 9.) Respondents attached a declaration from Thomas MacCollum, an Institutional Parole Supervisor at SCI Mahanoy, in support

of their motion. (Doc. No. 9-1.) Respondents' motion indicates that on December 30, 2019, Petitioner's proposed home plan to reside at the Glass House in Lancaster, Pennsylvania, was approved. (*Id.* at 2, 8-11.) On January 21, 2020, Petitioner was released on re-parole to live at the Glass House. (*Id.*) Respondents argue that Petitioner's § 2254 petition is moot because he "cannot receive any further relief in his petition for habeas corpus relief other than this release from custody." (Doc. No. 9 at 3.) Respondents further assert that "[t]o the extent [Petitioner] is asking this Court for other forms of relief other than release of custody, such as declaratory and injunctive relief, [Petitioner] has other available remedies such as filing an action pursuant to 42 U.S.C. § 1983 or filing a mandamus action in Commonwealth Court." (*Id.*)

In response, Petitioner contends that this matter is not moot. Petitioner asserts that Respondents acted "in retaliation for [his] previous litigation against" them. (Doc. No. 15 at 1.) He also contends that Respondents "would ask" the Court to disregard *Heck v. Humphrey*, 512 U.S. 477 (1994), "which requires a favorable decision to have been entered in a habeas corpus petition before filing a 1983 action." (*Id.* at 2.) Petitioner maintains that Respondents continue to violate his constitutional rights because they "have yet again told Petitioner that he may not see his wife and children[,] may not have contact with his wife and children, may not return to his own home, and Petitioner's wife is obligated to pay $675 a month for Petitioner to

3

live in Lancaster as opposed to his own home." (*Id.*) Petitioner contends that this matter would be moot if Respondents would "[simply] allow [him] to live with his wife and family." (*Id.*)

## II. DISCUSSION

A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 may be brought by "a person in custody pursuant of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has noted that "habeas corpus is not an appropriate or available federal remedy" if the prisoner "attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release." *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). As the United States Court of Appeals has explained:

> When read together, there is a logical and coherent progression of Supreme Court jurisprudence clarifying when § 1983 [or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),] is unavailable: whenever the challenge ultimately attacks the "core of habeas"—the validity of the continued conviction or the fact or length of the sentence—a challenge, however, denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 [or *Bivens*] is inappropriate.

*Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

Moreover, Article III of the Constitution provides that the "judicial power shall extend to . . . cases . . . [and] to controversies." U.S. Const. Art. III, § 2. Thus, federal courts are restricted to adjudicating "actual, ongoing cases or controversies." *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186, 193 (3d Cir. 2001). "If developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 2001). Consequently, in the absence of continuing collateral consequences, a federal district court does not have jurisdiction to review moot habeas claims. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (noting that "[m]ootness is a jurisdictional question"). The petitioner bears the burden of demonstrating that collateral consequences exist to avoid having the case dismissed as moot. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

As noted above, in his § 2254 petition, Petitioner requests, *inter alia*, that the Court order Respondents to release him from custody. (Doc. No. 1 at 10.) Petitioner's release on re-parole, therefore, renders his § 2254 petition moot unless he can demonstrate "continuing collateral consequences sufficient to meet Article III's 'case or controversy' or 'injury' requirement." *Gilliam*, 2018 WL 6492964, at *2. Collateral consequences refer to those "consequences with negligible effects on a petitioner's physical liberty of movement." *Virsnieks v. Smith*, 521 F.3d 707, 718

(3d Cir. 2008). While the Supreme Court will presume that "a wrongful criminal conviction has continuing collateral consequences," *Spencer*, 523 U.S. at 8, courts will not do so when the petitioner is challenging the denial of release on parole, *id.* at 14. Thus, Petitioner "must demonstrate that he has suffered or is threatened with an actual injury . . . that can be redressed by a favorable decision here." *Okereke v. United States*, 307 F.3d 117, 121 (3d Cir. 2002).

In his response, Petitioner suggests that this matter is not moot because Respondents continue to violate his constitutional rights by prohibiting him from returning to his home and having contact with his wife and children. (Doc. No. 15 at 2.) He also contends that Respondents have failed to comply with an expungement order entered by the state court. (*Id.* at 3.) The Court, however, cannot address Petitioner's claims here because Petitioner is "seeking something other than immediate or more speedy release." *Preiser*, 411 U.S. at 494. To the extent that Petitioner seeks to raise his constitutional claims or challenge Respondents' alleged failure to comply with the expungement order, he must do so by pursuing a civil rights or mandamus action. *See Leamer*, 288 F.3d at 542.[1] Thus, Petitioner has not

---

[1] As noted above, Petitioner cites to *Heck* to support his assert that he must obtain a "favorable decision . . . in a habeas corpus petition before filing a 1983 action." (Doc. No. 15 at 2.) *Heck*, however, does not apply here. In *Heck*, the Supreme Court held that

> [t]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

demonstrated that collateral consequences exist such that his § 2254 petition should not be dismissed as moot.

## III. CONCLUSION

For the following reasons, Respondents' motion to dismiss (Doc. No. 9) will be granted and Petitioner's § 2254 petition (Doc. No. 1) will be dismissed as moot. This dismissal, however, does not affect Petitioner's right to pursue his constitutional claims regarding his conditions of parole in a civil rights action or his claims regarding Respondents' failure to comply with an expungement order in a mandamus action. An appropriate Order follows.

s/ Sylvia H. Rambo<br>
United States District Judge

Dated: March 2, 2020

---

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."

*Heck*, 512 U.S. at 486-87. Petitioner, however, is not challenging the constitutionality of his conviction and sentence. Instead, he seeks to challenge the constitutionality of certain conditions of his parole.